# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

June 10, 2014

**BY EMAIL**

Hon. Shira A. Scheindlin
United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1620
New York, New York 10007

     Re: *Wultz v. Bank of China Ltd.*, No. 1:11-cv-01266 (SAS) (GWG)

Dear Judge Scheindlin:

     We represent Plaintiffs in the above-referenced action. We write in response to the letter dated June 9, 2014, from the Government of Israel ("GOI") asking that this Court seek advice from the U.S. Department of State with regard to a Suggestion of Immunity in connection with the GOI's Motion to Quash the deposition of former Israeli government official Uzi Shaya.

     The GOI's request comes far too late. It is well established that if a foreign state wishes to obtain immunity for a foreign official, **the foreign state** must request a Suggestion of Immunity from the State Department **before** seeking relief from the courts. *See* Brief for the United States as Amicus Curiae, *Giraldo v. Drummond Co., Inc.*, No. 11-7118, 2012 WL 3152126, at *14 n.5 (D.C. Cir. August 3, 2012)). The GOI has never done so, even though it has been 1½ years since the parties, at the direction of this Court, wrote to the GOI about Mr. Shaya's deposition; nearly a year since this Court itself wrote directly to the GOI concerning the deposition; and nine months since Plaintiffs served Mr. Shaya with a subpoena. Nor did the GOI suggest that Judge Walton seek advice from the State Department during the six months its motion was pending before him. The GOI offers no excuse for these failures.

     The GOI seeks to avoid the consequences of its failures in three ways. First, it misstates the Wultz Plaintiffs' position. The Wultz Plaintiffs have never contended that Mr. Shaya lacks immunity because the State Department is not present *in this case*. Instead, Plaintiffs have contended, and conclusively demonstrated, that it is the obligation of the foreign state to request the views of the State Department in the first instance if it believes it is entitled to a Suggestion of Immunity. *See* Plaintiffs' Surreply to Petitioner's Reply Brief in Support of Its Motion to Quash (attached as Exhibit A). The GOI should not be permitted further to delay the resolution of its own motion and this litigation by asking the Court to fulfill its own obligations long after it had the opportunity to do so itself.

     Second, the GOI cannot excuse its failures by asking this Court to accept that other events somehow now require the involvement of the U.S. State Department, when the Shaya subpoena by itself did not. There is only one issue before the Court – whether to quash the deposition subpoena served on Uzi Shaya. The litigation in Israel commenced by another plaintiff group arises only

BOIES, SCHILLER & FLEXNER LLP

| | | |
|---|---|---|
| Hon. Shira Scheindlin | June 10, 2014 | Page 2 of 2 |

because of the GOI's failure to respond to Hague Convention requests issued by this Court. Troublingly, the GOI just today filed papers with the Israeli Supreme Court asking that those proceedings be further delayed because of, among other things, its letter to this Court of yesterday's date asking the Court to obtain the views of the U.S. State Department on the issue of immunity. Ex. B. That Israeli litigation is not before the Court. Further, the proposed deposition of Yaacov Amidror arose as a result of the GOI's own act of submitting a defective declaration by Gen. Amidror in support of its motion to quash.

Third, as shown by its prior brief submitted to Judge Walton, the GOI's reliance on the court's decision in *Giraldo v. Drummond Co. Inc.*, 808 F. Supp. 2d 247 (D.D.C.), is misplaced. The GOI abandoned any possible claim to immunity not only when it sat on its hands for months and declined to seek directly or through Judge Walton the Suggestion of Immunity it now claims is necessary, but years before that, when it first deliberately induced the Wultzes to file this lawsuit by, among other things, promising the Wultz Plaintiffs that Mr. Shaya would provide the very testimony that it now seeks to quash under claim of immunity. Significantly, the GOI has never denied that it induced this lawsuit and authorized Mr. Shaya's testimony in connection therewith.[1] By contrast, *Giraldo* involved nothing resembling those facts. In *Giraldo*, there was no inducement of a lawsuit or promise of testimony, and there was no use of a private citizen to further national policy objectives of the foreign state. Far from it, *Giraldo* involved the paradigmatic case of an unwilling former government official subpoenaed to testify about his own potential wrongdoing and that of his government.

For the reasons above, and to avoid further delays in these proceedings, Plaintiffs respectfully request that GOI's request be denied.

Respectfully yours,

Lee S. Wolosky

cc: All Counsel (via email)

---

[1] Mr. Shaya's testimony will also encompass the period after he left government in 2007, when he was undisputedly a private citizen. During that period, the GOI recruited Mr. Shaya to participate in these proceedings in furtherance of the GOI's ongoing efforts to close the Shurafa accounts, and had numerous interactions with him about, among other things, the deposition the GOI now seeks to quash.