בבית המשפט העליון  בג"ץ 325/14
בשבתו כבית משפט גבוה לצדק

1. רבקה מרתה מוריה ו-26 אח'
2. קרן אלמליח ו-61 אח'
   על ידי ב"כ עוה"ד נ. דרשן-לייטנר ו/או א. גז
   רח' התעש"ש 10, רמת-גן
   טלפון: 02-7514175; פקס': 02-7514174                             ה ע ו ת ר י ם

נ  ג  ד

1. מנהל בתי המשפט
2. שרת המשפטים
   המשיבים 1-2 על ידי פרקליטות המדינה,
   משרד המשפטים, ירושלים
   טלפון: 02-6466590; פקס': 02-6467011

3. יקותיאל וולץ
   המשיב 3 על ידי ב"כ עוה"ד מ. ליפא ו/או א. אברמוביץ ו/או ג. כרמי ואח'
   רח' ויצמן 2 (בית אמות השקעות), תל-אביב
   03-60706--; פקס': 03-6070666                                     ה מ ש י ב י ם

## הודעת עדכון מטעם המדינה

1. בהתאם להחלטת בית המשפט הנכבד מיום 28.4.14 מתכבדים המשיבים 1-2 (להלן: **המדינה**) להגיש הודעת עדכון זו.

2. המדינה תבקש לעדכן את בית המשפט הנכבד, כי ביום 30.5.14 החליט בית המשפט הפדראלי בניו-יורק לדחות בשלושה חודשים נוספים – **עד ליום 20.9.14** – את המועד האחרון לסיום הליכי גילוי המסמכים בתובענות של העותרים ושל המשיב 3.

לא זו אף זו, בית המשפט הפדראלי בניו-יורק הוסיף וציין בסיפא להחלטתו האמורה, כי:

> "The parties may agree to extend the fact discovery deadline without Court order as long as it has no effect on the deadline for the completion of expert discovery."

נפנה לכך שבהתאם לסעיף 3 להחלטה, המועד האחרון ל-"expert discovery" הוא **6.1.15**.

צילום החלטת בית המשפט הפדראלי בניו-יורק מיום 30.5.14 מצורף ומסומן **הע/1**.

3. ביום 30.5.14 פנה בא-כוחם של העותרים בתובענה נשוא עתירה זו לבית המשפט הפדראלי בניו-יורק בבקשה, כי לאור העובדה שהליכי גילוי המסמכים בתובענות מוריה וולץ אוחדו, החלטת בית המשפט מיום 30.5.2014 תחול על שתי התובענות:

> "Inasmuch as there is a discovery coordination order in effect coordinating discovery in these two cases, it is respectfully requested that the scheduling order be entered on the docket in both cases."

צילום מכתב בא-כוחם של העותרים בתובענה בניו-יורק לבית המשפט הפדראלי בניו-יורק מיום 30.5.14 מצורף ומסומן **הע/2.**

4. המדינה תבקש לעדכן את בית המשפט הנכבד, כי ביום 30.5.14 החליט בית המשפט הפדראלי בוושינגטון הבירה להעביר את ההחלטה בבקשת מדינת ישראל לביטול הזימון לגביית עדות של מר שעיה מבית המשפט הפדראלי בוושינגטון להכרעת בית המשפט הפדראלי בניו-יורק.

צילום החלטת בית המשפט הפדראלי בוושינגטון מיום 30.5.14 מצורף ומסומן **הע/3.**

5. ביום 2.6.14, לאחר העברת הבקשה מוושינגטון לניו-יורק, פנה בית המשפט הפדראלי בניו-יורק, בין היתר, לבא-כוחה של מדינת ישראל וציין כי בכוונתו לפסוק בעניין בהתאם לדין ולפסיקה החלה במחוז קולומביה (DC Circuit).

צילום הודעת הדואר האלקטרוני של בית המשפט הפדראלי מיום 2.6.14 מצורף ומסומן **הע/4.**

6. ביום 9.6.14, הודיעה המדינה לבית המשפט הפדראלי בניו-יורק כי היא מסכימה לעמדת בית המשפט מיום 2.6.14.

בנוסף, במכתב זה ביקשה המדינה מבית המשפט הפדראלי בניו-יורק שיפנה למחלקת המדינה של ארצות הברית, במטרה שמחלקת המדינה תוכל לחוות את דעתה בסוגיות החסינות העומדות על הפרק, בין היתר לאור התפתחויות שונות שאירעו בחודשים האחרונים בתיק; לרבות פניית התובעים בבקשה לעזרה משפטית שנייה ממנה עולה כי הם מעוניינים בעדות בכירים ישראלים נוספים, כמו גם ניסיונות אחרים לזמן פקידים ישראלים בכירים למתן עדות בתיק.

יצוין כי המדינה גם עדכנה במכתבה זה את בית המשפט הפדראלי בניו-יורק, כי התובעים הגישו את העתירה שבכותרת לבית המשפט העליון של מדינת ישראל.

צילום המכתב מטעם המדינה לבית המשפט הפדראלי בניו-יורק מיום 9.6.14 מצורף ומסומן **הע/5.**

7. המדינה תבקש לעדכן את בית המשפט הנכבד, כי לאור הנסיבות המורכבות הנוגעות לתיק זה טרם התקבלה החלטה בבקשה לעזרה משפטית העומדת במרכזה של עתירה זו.

למען השלמת התמונה בלבד נוסיף, כי לאור הנסיבות המיוחדות הנוגעות לתיק זה טרם התקבלה החלטה גם בבקשה הנוספת שהוגשה לעזרה משפטית, שבה, כזכור, התבקשה גביית עדויות מאנשים שונים, ושאינה חלק מהעתירה הנוכחית.

7. בהמשך לנתונים שהוצגו בפני בית המשפט הנכבד במעמד צד אחד בלבד במהלך הדיון שהתקיים ביום 28.4.14, ובשים לב לכך שהמועד לסיום הליכי גילוי המסמכים בבית המשפט הפדראלי בניו-יורק נדחה לעת הזו עד ליום 20.9.14 - **וכאמור בית המשפט הפדראלי בניו-יורק הוסיף וקבע שהצדדים להליכים שם יוכלו להסכים ביניהם על אורכה של כמה חודשים נוספים מעבר ל-20.9.14 אף מבלי שיהיה צורך בקבלת החלטה שיפוטית נוספת** - המדינה מציעה לאפשר לה להגיש עד ליום **15.8.14** הודעת עדכון נוספת מטעמה.

היום, י"ב בסיון, תשע"ד
10 ביוני, 2014

ענר הלמן, עו"ד
סגן מנהלת מחלקת הבג"צים
בפרקליטות המדינה

## תוכן עניינים נספחים

| נספח | שם הנספח | עמוד ראשון |
|---|---|---|
| הע/1 | צילום החלטת בית המשפט הפדראלי בניו-יורק מיום 30.5.14 | עמוד 1 |
| הע/2 | צילום מכתב בא-כוחם של העותרים בתובענה בניו-יורק לבית המשפט הפדראלי בניו-יורק מיום 30.5.14 | עמוד 3 |
| הע/3 | צילום החלטת בית המשפט הפדראלי בוושינגטון מיום 30.5.14 | עמוד 4 |
| הע/4 | צילום הודעת הדואר האלקטרוני של בית המשפט הפדראלי מיום 2.6.14 | עמוד 6 |
| הע/5 | צילום המכתב מטעם המדינה לבית המשפט הפדראלי בניו-יורק מיום 9.6.14 | עמוד 7 |

**הע/1**

צילום החלטת בית המשפט
הפדראלי בניו-יורק מיום
30.5.14

עמוד 1

1/7/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SHERYL WULTZ, et al.,

                    Plaintiffs,

        -against-

BANK OF CHINA LIMITED,

                    Defendant.
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/14

~~PROPOSED~~ AMENDED
SCHEDULING ORDER

11 Civ. 1266 (SAS) (GWG)
and 12 Civ. 1594 (Mariah v Bank of China)

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

     Whereas the parties stipulate and agree that the Scheduling Order dated January 27, 2014 (Dkt. No. 437) should be amended as set forth below; and the Court having reviewed the parties' proposal, the extended schedule is as follows:

1. All fact discovery shall be completed by September 20, 2014, subject to the following interim deadlines:

   a. All interrogatories and document requests must be served by no later than June 13, 2014; however, requests for documents reasonably identified for the first time as a result of subsequent deposition testimony or document productions may be made after this date.

   b. All discovery disputes shall be raised with the Court by no later than July 14, 2014, unless the circumstances pertaining to the dispute in question do not reasonably permit the dispute to be raised by such date.

   c. All written discovery and document productions must be completed by July 14, 2014, other than documents newly identified at depositions or produced as the result of pending disputes or compliance with Court orders.

   d. All fact depositions, whether party or non-party, must be completed by no later than September 20, 2014.

   e. All discovery disputes arising after July 14, 2014, must be raised with the Court by September 20, 2014, except for good cause shown.

  f. The Dr. Geng Wei and Mme. Wang Qi depositions will be adjourned until after the resolution of any pending or ripe discovery disputes not yet resolved or not yet filed with the Court, including the pending relevance and "selective disclosure" disputes, so that these witnesses' depositions will be taken only once and can be completed at a single session without risk of re-opening the depositions. If plaintiffs choose to take the depositions of Dr. Geng and/or Mme. Wang prior to the resolution of pending or ripe discovery disputes not yet resolved or not yet filed with the Court, then they can do so provided that plaintiffs may only depose each of Dr. Geng and Mme. Wang only once, without a right to reopen either deposition after resolution of such discovery disputes. [as long as the new dates do not extend past the deadline for expert discovery]

  g. The parties may modify the above dates by mutual agreement and without further Court order or, absent agreement, any party may apply to the Court to modify the above dates for good cause shown.

2. Expert reports will be supplied to the adverse side on or before November 20, 2014.

3. All expert discovery shall be completed by January 6, 2015.

The parties may agree to extend the fact discovery deadline without Court order as long as it has no effect on the deadline for the completion of expert discovery. SO ORDERED.

Dated: May 30, 2014
New York, New York

          _____
          GABRIEL W. GORENSTEIN
          United States Magistrate Judge

2

# הע/2

צילום מכתב בא-כוחם של העותרים בתובענה בניו-יורק לבית המשפט הפדראלי בניו-יורק מיום 30.5.14

עמוד 3

# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                                   Fax: (718) 855-4696

May 30, 2014

**BY ECF**
Hon. Gabriel Gorenstein
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:  *Moriah v. Bank of China, Limited, 12-cv-1594 (SAS)*

Dear Judge Gorenstein,

    We represent the plaintiffs in the matter referenced above ("*Moriah* Plaintiffs").

    The parties in the companion *Wultz* case have submitted a proposed discovery scheduling order, DE 519 on the *Wultz* docket.

    Inasmuch as there is a discovery coordination order in effect coordinating discovery in these two cases, it is respectfully requested that the scheduling order be entered on the docket in both cases.

Respectfully yours,

Robert J. Tolchin

cc:    All counsel of record, by ECF
        Plaintiff's counsel in *Wultz*, by email.

# הע/3

צילום החלטת בית המשפט
הפדראלי בוושינגטון מיום
30.5.14

עמוד 4



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SHERYL WULTZ, YEKUTIEL WULTZ, )
AMANDA WULTZ, and )
A.L.W., a minor, )
                Plaintiffs, )
)
    v. )   Miscellaneous No. 13-1282 (RBW)
)
BANK OF CHINA, LTD, )
                Defendant, )
_____ )
)
RIVKA MARTHA MORIAH, et al., )
                Intervenors, )
_____ )
)
THE STATE OF ISRAEL, )
                Movant. )
_____ )

## ORDER

In accordance with the Memorandum Opinion issued this same day, it is hereby

**ORDERED** that the Motion of Intervenor-Plaintiffs to Strike Non-Party State of Israel's Motion to Quash on the Ground that the State of Israel has not Moved to Intervene in this Case, and in the Alternative to Transfer this Proceeding to the Southern District of New York is **DENIED WITH PREJUDICE**, to the extent that the relief requested pertains to transferring the physical location of Uzi Shaya's deposition to the Southern District of New York, and **GRANTED** as to the request to transfer the State of Israel's Motion to Quash and all applicable filings, to include the intervenors' motion to strike Israel's motion to quash, to the Southern District of New York. It is further

**ORDERED** that The State of Israel's Motion to Quash, as well as all applicable oppositions and reply briefings, to include the intervenors' motion to strike, that have been submitted to this Court pertaining to the motion to quash are hereby **TRANSFERRED** for the purpose of resolving the motions to the United States District Court for the Southern District of New York. It is further

**ORDERED** that the Clerk of this Court shall **TERMINATE** all remaining deadlines and **TRANSFER** the case file forthwith.

**SO ORDERED** this 30th day of May, 2014.

                                         REGGIE B. WALTON
                                         United States District Judge

5

**הע/4**

צילום הודעת הדואר האלקטרוני של בית המשפט הפדראלי מיום 2.6.14

עמוד 6

6/10/2014 RE: Wultz, et al. v. Bank of China, No. 11-cv-01266 (SAS) (GWG)

**From:** Ester_Murdukhayeva@nysd.uscourts.gov [mailto:Ester_Murdukhayeva@nysd.uscourts.gov]
**Sent:** Monday, June 02, 2014 5:29 PM
**To:** Lee Wolosky
**Cc:** 'Aberle.Shari@dorsey.com'; 'beebe.daniel@dorsey.com'; Daniel Boyle; 'EGlasband@PattonBoggs.com'; 'epstein.eric@dorsey.com'; 'Fu.Sini@dorsey.com'; 'goldberger.dan@dorsey.com'; 'iliff.alex@dorsey.com'; Joseph Dunn; 'JSchiefelbein@pattonboggs.com'; Jaime Sneider; 'JTyrrell@pattonboggs.com'; 'lo.augustine@dorsey.com'; 'MBerger@PattonBoggs.com'; Marilyn Kunstler; Olav Haazen; 'primps.william@dorsey.com'; 'rtolchin@berkmanlaw.com'; 'ruda.erik@dorsey.com'; 'salvo.glenn@dorsey.com'; 'sant.geoffrey@dorsey.com'; 'saperstein.lanier@dorsey.com'; Steven I. Froot; 'soekawa.sumi@dorsey.com'; 'Sullivan.Mark@dorsey.com'; 'xu.claire@dorsey.com'; Bellinger III, John B.; mberman@hdrbb.com; Anderson, Reeves; DeRise, Robert; Weiner, Robert
**Subject:** Wultz, et al. v. Bank of China, No. 11-cv-01266 (SAS) (GWG)

Counsel,

Judge Scheindlin has received and reviewed Judge Walton's May 30, 2014 order transferring Israel's motion to quash and the Moriah plaintiffs' motion to strike to the Southern District of New York. Unless she hears otherwise from the parties, Judge Scheindlin will decide these motions on the papers submitted before Judge Walton, applying D.C. Circuit law. If any party believes this is not appropriate, please advise the Court by sending an email to me by close of business on Thursday, June 5.

Sincerely,

Ester Murdukhayeva

Ester Murdukhayeva
Law Clerk to the Honorable Shira A. Scheindlin
Southern District of New York
Ester_Murdukhayeva@nysd.uscourts.gov
Phone: (212) 805-0474
Fax: (212) 805-7920

**ה/5**

צילום המכתב מטעם המדינה
לבית המשפט הפדראלי בניו-
יורק מיום 9.6.14

עמוד 7



# ARNOLD & PORTER LLP

Stewart D. Aaron
Stewart.Aaron@aporter.com

+1 212.715.1114
+1 212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

June 9, 2014

**VIA ECF AND E-MAIL**

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

Re: *Wultz, et al. v. Bank of China*, No. 11-cv-1266 (SAS) (GWG)

Dear Judge Scheindlin:

On behalf of the State of Israel, this letter (1) responds to the request contained in Your Honor's law clerk's e-mail of June 2, 2014, and (2) requests that the Court invite the State Department to submit its views on immunity in this case.

The State of Israel agrees that Your Honor should resolve the motions transferred from the District of Columbia under the laws and precedents applicable to courts in the D.C. Circuit. This approach prevents wasteful rebriefing and maintains the parties' reasonable expectations that D.C. law would govern the pending motions.

As this Court is aware, the State of Israel has moved to quash a non-party subpoena that seeks to compel a resident citizen of Israel to testify under oath in the United States about sensitive information which came to his knowledge due to his capacity as a public official of the State of Israel. Although the plaintiffs allege that the Israeli Official should be compelled to disclose information which they consider to be relevant to these civil proceedings, the Israeli National Security Advisor has determined that any testimony the Israeli Official might give on these matters would harm Israel's national security, would compromise Israel's ability to protect the lives of its citizens from terrorism and other grave threats, would implicate the methods and activities used by Israel to prevent terrorism, and would interfere with international cooperative efforts to prevent terrorism.

7

# ARNOLD & PORTER LLP

The Honorable Shira A. Scheindlin
June 9, 2014
Page 2

The principles governing the immunity of foreign officials in the United States are articulated by the Executive Branch and are subject to general application by the judiciary. The immunity question now before this Court was presented in *Giraldo v. Drummond Co. Inc.*, 808 F. Supp. 2d 247 (D.D.C. 2011). In *Giraldo*, the Executive Branch filed a Statement of Interest and Suggestion of Immunity in the District of Columbia concluding that the former President of Colombia was immune from a non-party subpoena to testify about information relating to acts taken in his capacity as a government official. The D.C. Circuit unanimously affirmed the principles articulated by the State Department. *Giraldo v. Drummond Co. Inc.*, 493 F. App'x 106 (D.C. Cir. 2012), *cert. denied*, 133 S. Ct. 1637 (2013).

The *Giraldo* principles establish the Israeli Official's immunity, as explained in Israel's briefing in support of its motion to quash. Plaintiffs nevertheless have argued that the Israeli Official has no immunity because the State Department has not participated *in this case*. As explained in Israel's memoranda of law, the plaintiffs misunderstand the State Department practice. The Executive Branch repeatedly has stated that courts have the ability to make immunity determinations in appropriate cases based on principles articulated by the State Department without recurring intervention on a case-by-case basis. As stated in Israel's reply brief, Israel would not object to a judicial request for the views of the Executive Branch in order to avoid any doubt or misunderstanding on this matter. Developments in this case over the past few months have provided additional reasons to seek guidance from the State Department, and have led the State of Israel to conclude that such guidance from the State Department would be necessary and appropriate at this stage.

The Court has issued in this case, at the parties' request, two Letters of Request to the State of Israel for International Judicial Assistance Pursuant to the Hague Convention of March 18, 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters. While the Government of Israel was undertaking a review of the first request, the plaintiffs filed a petition to the Supreme Court of Israel with regard to that request, and the plaintiffs also initiated the second request seeking sensitive information from eight high-ranking current and former Israeli diplomatic and national security officials. The plaintiffs also have purported to notice the depositions in U.S. courts of Israel's Ambassador to China and Israel's former National Security Advisor, Major General (res.) Yaacov Amidror, who provided the declaration in support of the Government of Israel's motion to quash. Considering the totality of these events, the Government of Israel expects that the burdens of this litigation will likely proliferate and that the intrusions on Israel's national security will persist.

# ARNOLD & PORTER LLP

The Honorable Shira A. Scheindlin
June 9, 2014
Page 3

Thus, given the direction the parties to the suit have taken, asking the State Department for its views is essential—not only to address the arguments raised by the plaintiffs, but also to allow the United States Government to express its views on the Israeli Official's immunity and other foreign-policy implications of this case. Clearly, this question has strong reciprocal repercussions for former U.S. intelligence officers who might be compelled to testify under oath, any place in the world, to disclose sensitive information that came to their attention due to their sensitive governmental work.

Respectfully,

*Stewart D. Aaron*

Stewart D. Aaron

*John B. Bellinger /RA*

John B. Bellinger, III

cc: Counsel of record (via ECF)

9