# ARNOLD & PORTER LLP

June 12, 2014

**VIA ECF AND E-MAIL**

The Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

      Re:    *Wultz, et al. v. Bank of China*, No. 11-cv-1266 (SAS) (GWG)

Dear Judge Scheindlin:

      This letter seeks to correct erroneous statements in Plaintiffs' objection to Israel's request to invite the State Department's view on immunity. We have two principal points: (1) The State Department has explicitly rejected Plaintiffs' position that foreign sovereigns must formally ask the Department for a suggestion of immunity before the Court can decide such immunity. (2) A request at this stage is timely. Any delay in this case is, if anything, of Plaintiffs' making, not Israel's. It is the intervening acts of Plaintiffs that have amplified the anticipated burdens of this case, implicated national security interests, and heightened the importance of hearing from the State Department. As the Second Circuit itself solicits the views of the Executive Branch on foreign policy matters, it certainly is not too late as a matter of law to seek the Executive's input here.

      Surprisingly, Plaintiffs now oppose the very course of action they previously asserted was necessary. In opposing Israel's motion to quash, Plaintiffs pointedly argued to the district court in D.C. that the subpoena should not be quashed on immunity grounds because "there has been no Suggestion of Immunity issued by the State Department" and because Israel had not formally asked the State Department to intercede. Wultz Opp'n Br., p. 26. Now that Israel has requested the views of the State Department, which Plaintiffs themselves claimed was a prerequisite to establish immunity, Plaintiffs oppose hearing from the State Department at all. They cannot have it both ways.

      In any event, Plaintiffs' latest legal position is wrong both procedurally and substantively. The Executive Branch has repeatedly explained, both pre- and post-*Samantar*, that foreign officials are "presumptively immune from compulsory testimony . . . relating to[] acts taken in an official capacity,"[1] and that principles of official

---

[1] Br. for the United States as *Amicus Curiae* Supporting Appellee at 13, *Giraldo v. Drummond Co.*, 493 F. App'x 106 (D.C. Cir. 2012) (No. 11-7118), 2012 WL 3152126 ("U.S. *Giraldo* Br.").

The Honorable Shira A. Scheindlin
June 12, 2014
Page 2

immunity are "susceptible to general application by the judiciary *without the need for recurring intervention by the Executive*."[2] In the very footnote from the United States' appellate brief in *Giraldo* that Plaintiffs cite (but fail to quote) in their letter, the Department of Justice instructed that courts should apply principles of immunity articulated by the State Department absent "contrary guidance from the Executive Branch."[3] Therefore, as the Executive Branch explained to the Second Circuit earlier this year, "'a district court ha[s] authority to decide for itself whether all the requisites for such immunity existed,' applying 'the established policy' of the State Department to make that determination."[4] *See* The State of Israel's Opp'n to Resp'ts' Mot. for Leave to File Surreply to Israel's Mot. to Quash (Feb. 13, 2014) (attached as Exhibit A, which was filed in response to the surreply motion attached to Plaintiffs' June 10 Letter).

Although the general practice of the State Department has been to require a formal request for immunity by the foreign sovereign before it agrees to issue a Suggestion of Immunity in cases involving the official acts of foreign officials (as explained below), such a formal diplomatic request is not a prerequisite to a *court's* recognition of immunity. *See* Mot. to Quash, p. 14 (collecting cases). Accordingly, the State of Israel stated in its reply brief that although the district court was not *required* to seek the views of the State Department before recognizing the Israeli Official's immunity, the State of Israel nevertheless would not object to a request from the Court for additional guidance from the State Department.[5]

Plaintiffs contend that the Court cannot solicit the views of the Executive Branch unless a foreign sovereign first requests a Suggestion of Immunity directly from the State Department. June 10 Letter, p. 1. That, too, is incorrect. Courts can—and frequently do—invite the views of the United States regarding foreign official immunity, either on the court's own initiative or at a party's request.[6] When such an invitation is made by the

---

[2] Br. for the United States of America as *Amicus Curiae* in Support of Affirmance at 21 n.*, *Matar v. Dichter*, 563 F.3d 9 (2d Cir. 2009) (No. 07-2579-cv), 2007 WL 6931924 (emphasis added).

[3] U.S. *Giraldo* Br., p. 14 n.5.

[4] Br. for the United States as *Amicus Curiae* Supporting Appellee at 5–6, *Doe v. Zedillo Ponce De Leon*, --- F. App'x ----, 2014 WL 591167 (2d Cir. Feb. 18, 2014) (No. 13-3122), 2014 WL 341970 (quoting *Samantar v. Yousuf*, 130 S. Ct. 2278, 2284–85 (2010)).

[5] To the extent Plaintiffs contend that the *Giraldo* principles do not apply to this case (a contention with which the State of Israel vigorously disagrees), the dispute over the applicable immunity principles only increases the need for the State Department's input.

[6] *See, e.g.*, Order: Request Re Statement of Interest, *Doe v. de Leon*, No. 11-cv-1433 (D. Conn. June 21, 2012) (Dkt. 33); Order, *Tawfik v. Al-Sabah*, No. 11-cv-6455 (S.D.N.Y. Jan. 26, 2012) (Dkt. 16) (inviting the United States "to express its view" on immunity).

The Honorable Shira A. Scheindlin
June 12, 2014
Page 3

court in cases involving official-acts immunity, the State Department then generally asks the foreign State to affirm that it wishes to invoke the immunity of its official and to confirm that the matter in dispute relates to the official's official acts. It makes sense that the Department of State generally prefers not to inform a court that the matter relates the foreign government official's official acts, and therefore that the official has immunity, until the foreign sovereign has made such an affirmation. As is clear from the declaration submitted in support of the motion to quash by Israel's former National Security Advisor, the State of Israel will affirm both criteria to the State Department.

Plaintiffs alternatively argue that it is now "far too late" to solicit the views of the State Department. June 10 Letter, p. 1. Any delay in the resolution of the motion to quash, however, does not fall on Israel's shoulders. The State of Israel had hoped that the district court in D.C. would resolve this matter promptly based on the previously articulated views of the State Department. In the event the court wanted to hear from the State Department before deciding the motion, Israel was on record back in January consenting to such a request. The court thus could have chosen whichever option it considered necessary, prudent, and expedient. But due to *Plaintiffs'* motion to transfer the matter to this Court, Judge Walton neither resolved the motion to quash nor asked the State Department for its views, and Israel cannot be faulted for the delay. Unfortunately, six months have passed, and the threat to Israel's immunity not only remains but has increased. Plaintiffs' actions in the intervening months, including purporting to notice the depositions of Israel's former National Security Advisor and Israel's current Ambassador to China, have only exacerbated Israel's sovereignty concerns, and underscored the need for a definitive statement from the Executive Branch that will resolve the matter.

Finally, it is assuredly not "too late" as a legal matter to seek the Executive Branch's views. Indeed, the Second Circuit has solicited the input of the State Department on important foreign policy questions for the first time on appeal. *See, e.g.,* *Tiffany (NJ) LLC v. Forbse*, CV-12-2317 (2d Cir. Jan. 9, 2014) (Dkt. 267) (letter to the Honorable John F. Kerry from Catherine O'Hagan Wolfe inviting the views of the State Department). Given the likelihood that the Executive Branch will at some point in these proceedings address the sovereignty and national security objections raised by a close ally, the State of Israel respectfully submits that it would be preferable to solicit the views of the State Department sooner rather than later. To that end, the State of Israel has notified the State Department that it is requesting a Suggestion of Immunity.

Respectfully,

Stewart D. Aaron     John B. Bellinger, III

cc:    Counsel of record (via ECF)

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE STATE OF ISRAEL,<br><br>　　　　Movant,<br><br>　　v.<br><br>SHERYL WULTZ, *et al.*,<br><br>　　　　Respondents. | Case No. 13-mc-1282-RBW |

**THE STATE OF ISRAEL'S OPPOSITION TO RESPONDENTS' MOTION
FOR LEAVE TO FILE SURREPLY TO ISRAEL'S MOTION TO QUASH**

Having filed a 45-page brief in opposition to Israel's motion to quash, supplemented by Intervenors' 40 pages on the same issues, supplemented further by another 30 pages on a motion to strike Israel's motion to quash, Respondents seek to have the last word nearly a month after the motion was fully submitted. The request is excessive; the ostensible predicate for it is wrong; and Respondents' proposed surreply repeats verbatim an argument advanced in their opposition brief. Israel's motion to quash is fully briefed and ripe for decision.

Respondents seek to file a surreply because, they say, Israel's reply brief made a new and incorrect argument—that Israel's former national security official is presumptively immune from compulsory process and that Respondents "bear the burden of seeking 'contrary guidance' from the State Department" to overcome that presumption. Resp'ts Prop. Surreply at 2, ECF No. 32-2. In fact, Israel made this exact point in the opening brief, and it correctly states the law.

In support of its motion, Israel quoted the State Department's statement in *Giraldo v. Drummond Co.* that foreign officials are "presumptively immune from compulsory testimony," and "in the absence of contrary guidance from the Executive Branch, a district court may proper-

ly dismiss a suit against a foreign official if the suit challenges acts taken exercising the powers of the official's office." Mot. to Quash at 13, ECF No. 1 (quoting Br. for the U.S. as *Amicus Curiae* Supporting Appellee at 13 & 14 n.5, *Giraldo v. Drummond Co.*, 493 F. App'x 106 (D.C. Cir. 2012) (No. 11-7118), 2012 WL 3152126 ("U.S. *Giraldo* Br.")). In reply to *Respondents'* claim that the Court could not rule on immunity without the State Department's imprimatur, Resp'ts Br. at 26, ECF No. 22, Israel repeated the same point, again quoting *the same language* from the U.S. Brief in *Giraldo.* Reply Br. at 14, ECF No. 31. This is not a new issue.

Moreover, the only misstatement of law here is Respondents' assertion that Israel had to "seek a suggestion of immunity from the State Department" before filing the motion to quash on grounds of immunity. Resp'ts Prop. Surreply at 3. Respondents misread the footnote in the U.S. *Giraldo* brief, which observed that "[A] foreign state's request for an official's immunity should always be presented to the State Department, not to the court." *See* U.S. *Giraldo* Br. at 14 n.5. All the footnote was saying was that a country seeking the *State Department's* official position on immunity should ask the State Department, and that formal diplomatic communications should be directed to the diplomats. The footnote does not address the ability of a foreign nation's lawyers to ask a court to exercise its independent judgment regarding immunity based on dispositive principles already articulated by the U.S. Government. To read the footnote as Respondents urge would conflict with the definitive statements cited above in the *Giraldo* brief.

Were there were any doubt about the State Department's position—and there is not—the Department's most recent pronouncement would control. In *Doe v. Zedillo*, the State Department, quoting the Supreme Court's ruling in *Samantar v. Yousuf*, 130 S. Ct. 2278, 2284-85 (2010), reaffirmed that "[i]f the State Department takes no position on immunity, 'a district court ha[s] authority to decide for itself whether all the requisites for such immunity existed,' applying

'the established policy' of the State Department to make that determination." Br. for the U.S. as *Amicus Curiae* Supporting Appellee at 5-6, *Doe v. Zedillo*, No. 13-3122 (2d Cir. Jan. 22, 2014), 2014 WL 341970. In addition, the former Legal Adviser to the State Department, while in that position, reiterated that "[t]he government need not, and should not, speak in every case, and that is not what *Samantar* envisages." Harold Koh, *Foreign Official Immunity After* Samantar*: A United States Government Perspective*, 44 VAND. J. TRANSNAT'L L. 1141, 1161 (2011). *See* Br. for the U.S. as *Amicus Curiae* Supporting Affirmance at 21 n.*, *Matar v. Dichter*, 563 F.3d 9 (2d Cir. 2009) (No. 07-2579), 2007 WL 6931924 (State Department has sought to limit "recurring intervention . . . in the form of suggestions of immunity filed on a case-by-case basis"). We are aware of no authority or practice—and Respondents cite none—supporting the proposition that this Court lacks power to recognize a foreign official's immunity unless a foreign state makes a formal diplomatic request for immunity to the State Department. Given this Court's ability to resolve the pending issues, and in the interest of rapid resolution of this matter, Israel did not burden the State Department with a diplomatic request to reiterate the immunity principles the Government explained in *Giraldo*.

For these reasons, the Court should deny Respondents' motion for leave to file a surreply.

Dated: February 13, 2014

Respectfully submitted,

 /s/ John B. Bellinger, III
John B. Bellinger, III (DC Bar 405059)
Robert N. Weiner (DC Bar 298133)
R. Reeves Anderson (DC Bar 994989)
Robert A. DeRise (DC Bar 1005355)
ARNOLD & PORTER LLP
555 Twelfth St., NW
Washington, DC 20004
Tel: (202) 942-5000
john.bellinger@aporter.com

Mark A. Berman (NY 0060)
HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC
565 Fifth Avenue, 7th Floor
New York, New York 10017
(212) 344-4619

*Counsel for the State of Israel*

3