```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

SHERYL WULTZ, et al.,

RIVKA MARTHA MORIAH, et al.,

        Plaintiffs,

   - against -

BANK OF CHINA LIMITED,

        Defendant.

------------------------------------------------------------ X

ORDER

11 Civ. 1266 (SAS)
12 Civ. 1594 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

      On November 15, 2013, in the United States District Court for the District of Columbia, the State of Israel ("Israel" moved to quash a non-party subpoena served by plaintiffs on a former Israeli official. On December 17, 2013, plaintiffs in a related case before this Court, *Moriah v. Bank of China*, filed an intervenor-motion in the D.C. District Court in opposition to Israel's motion to quash. On May 30, 2014, the D.C. District Court transferred both motions to this Court.

      On June 9, 2014, Israel asked this Court to "invite the State

1

Department to submit its views on immunity in this case."[1]  Plaintiffs oppose Israel's request, arguing that "the foreign state must request a suggestion of immunity from the State Department before seeking relief from the courts," something Israel has not done in this case "even though it has been 1 ½ years since the parties . . . wrote to the [State of Israel] about [the official's] deposition."[2]

Israel concedes that while "the general practice of the State Department has been to require a formal request for immunity by the foreign sovereign before it agrees to issue a Suggestion of Immunity, . . . such a formal diplomatic request is not a prerequisite to a court's recognition of immunity."[3]  In responding to plaintiffs' argument that the Court cannot reach the issue of immunity without the State Department's position, Israel argues that the Court may do so but Israel "would not object to a request from the Court for additional guidance from the State Department."[4]

Further, Israel contends that "[c]ourts can – and frequently do – invite the views of the United States regarding foreign official immunity, either on the

---

[1] 6/9/14 Letter from Stewart D. Aaron and John B. Bellinger, counsel for the State of Israel, at 1.

[2] 6/10/14 Letter from Lee Wolosky, counsel for *Wultz* plaintiffs, at 1.

[3] 6/12/14 Letter from Aaron and Bellinger, at 2.

[4] *Id.*

2

court's own initiative or at a party's request."[5] Israel cites two cases in support of this proposition. However, in both cases, the record shows that the foreign state made a request directly to the State Department.[6] This is consistent with *Samantar v. Yousuf*[7] and *Giraldo v. Drummond Co., Inc.*,[8] which explain that "[t]he *official* can 'request a suggestion of immunity from the State Department,'" and the district court must either surrender jurisdiction upon the State Department's declaration of immunity, or "decide for itself whether all the requisites for such immunity exist" absent action from the State Department.[9]

Because Israel has never requested a suggestion of immunity from the State Department, I decline to issue a request for the State Department's input at this time. Such an order would likely be futile since Israel concedes that the State

---

[5] *Id.* at 2.

[6] *See Doe v. DeLeon*, No. 11 Civ. 1433 (Dkt. No. 33) (D. Conn. Jun. 21, 2012) (counsel for former Mexican president wrote "to the United States Department of State, asking it to notify th[e] court that it supports . . . immunity" prior to the court issuing an order asking the State Department whether it will take a position on immunity); *Tawfik v. Al-Sabah,* No. 11 Civ. 6455 (Dkt. No. 23) (S.D.N.Y. Apr. 5, 2012), at 2 (State Department explaining that "Kuwait has formally requested the Government of the United States to determine that [the sitting head of state] is immune from this lawsuit").

[7] 560 U.S. 305 (2010).

[8] 808 F. Supp. 2d 247 (D.D.C. 2011).

[9] *Id.* at 249 (quoting *Samantar*, 560 U.S. at 312) (emphasis added).

3

Department's ordinary practice is to require a foreign official to request a suggestion of immunity prior to issuing such a statement.

However, I do not agree that Israel's failure to seek a suggestion of immunity precludes the Court from applying the Foreign Sovereign Immunities Act or the governing case law in *Samantar* and *Giraldo* to these motions. *Samantar* and *Giraldo* make clear that "a district court ha[s] authority to decide for itself whether all the requisites for [foreign official] immunity exist."[10] A party's failure to request input from the Executive Branch does not foreclose the Court's ability to apply the governing statutory and case law. For these reasons, Israel's request for the Court to request input from the State Department is DENIED.

SO ORDERED:

_____
Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
June 18, 2014

---

[10] *Id.*

- Appearances -

For *Wultz* Plaintiffs:

David Boies, Esq.
Lee S. Wolosky, Esq.
Steven I. Froot, Esq.
Marilyn C. Kunstler, Esq.
Jaime Sneider, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue
New York, NY 10022
(212) 446-2350

For *Moriah* Plaintiffs:

Robert Joseph Tolchin, Esq.
Aalok J. Karambelkar, Esq.
The Berkman Law Office, LLC
111 Livingston Street, Suite 1928
Brooklyn, NY 11201
(718) 855-3627

For Defendant:

Mitchell R. Berger, Esq.
Patton Boggs LLP (DC)
2550 M Street, N.W.
Washington, D.C. 20037
(202) 457-5601

Lanier Saperstein, Esq.
William G. Primps, Esq.
Neil McDonell, Esq.
Eric Epstein, Esq.
Daniel Goldberger, Esq.
H. Alex Iliff, Esq.
Geoffrey Sant, Esq.
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019
(212) 415-9309

For the State of Israel

Stewart D. Aaron, Esq.
John B. Bellinger, III, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022
(212) 715-1399