UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

SHERYL WULTZ, et al.,

           Plaintiffs,

- against -

BANK OF CHINA LIMITED,

           Defendant.

           **MEMORANDUM**
           **OPINION AND ORDER**

           11-cv-1266 (SAS)

------------------------------------------------------------- X

RIVKA MARTHA MORIAH, et al.,

           Intervenors,

------------------------------------------------------------- X

THE STATE OF ISRAEL,

           Movant.

------------------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

        In an Opinion and Order on July 21, 2014 ("July 21 Order"), I granted

Israel's motion to quash a deposition subpoena served on Uzi Shaya, a former

1

Israeli national security officer.[1] Plaintiffs now move for reconsideration of the July 21 Order.[2] For the following reasons, plaintiffs' motion is denied.

## II. MOTION FOR RECONSIDERATION STANDARD

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[3] Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[4] Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error

---

[1] *See Wultz v. Bank of China Ltd.*, No. 11 Civ. 1266, 2014 WL 3610898, at *1 (S.D.N.Y. July 21, 2014).

[2] *See* Memorandum of Law in Support of Joint Motion of Plaintiffs and Intervenors for Reconsideration ("Pl. Mem.") at 1.

[3] *Hochstadt v. New York State Educ. Dept*, 547 Fed. App'x 9, 10 (2d Cir. 2013) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

[4] *In re Initial Pub. Offering Sec. Litig*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp*, Nos. 05 Civ. 3430, 05 Civ. 4759, and 05 Civ. 4760, 2006 WL 1423785, at *1 (2d Cir. May 19, 2006).

or prevent manifest injustice."[5]

## III. DISCUSSION

Plaintiffs have not pointed to any new or overlooked facts, intervening changes in law, or any realistic possibility of manifest injustice. Instead, plaintiffs' motion rehashes arguments that I considered and rejected in the July 21 Order.

*First*, plaintiffs contend that the Court overlooked the fact that Israel "deliberately induced the filing of [plaintiffs'] lawsuit by, among other things, committing to make available the very testimony that it is currently trying to quash."[6] Once again, plaintiffs' evidence on this point is limited to their own self-serving affidavits.[7] Plaintiffs also note that Shlomo Matalon, the former Department Head at the Israeli Prime Minister's Office, submitted an affidavit in the *Wultz* case, and Shaya submitted an affidavit in a different U.S. litigation.[8] Plaintiffs argue that these affidavits constitute "written evidence of [Israel's] commitments to support this and other litigation in the U.S. courts concerning

---

[5] *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)(citing *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[6] Pl. Mem. at 2.

[7] *See id.* at 4-5.

[8] *See id.* at 5.

3

terrorist financing."[9] Even if these affidavits demonstrate Israel's "commitment," nothing in the record suggests that Israel is required, as a matter of law, to honor this commitment. Circumstances change and so do commitments. Such a commitment cannot be legally binding on Israel.[10]

*Second*, plaintiffs repeat their argument that *Giraldo v. Drummond* is distinguishable because it involved a former head of state and an allegation of wrongdoing against a sovereign.[11] The Court has already rejected these arguments.[12] Specifically, in *Giraldo*, the State Department granted Alvaro Uribe, the former president of Colombia, "residual immunity from th[e] Court's jurisdiction insofar as Plaintiffs seek information (i) relating to acts taken in his *official capacity as a government official*, or (ii) obtained in his *official capacity as*

---

[9] *Id.*

[10] *Belhas v. Ya'alon*, 515 F.3d 1279, 1293 (D.C. Cir. 2008). Under D.C. Circuit law, a court may find that a sovereign has waived its own immunity only where the it manifests an intent to do so. *See Odhiambo v. Republic of Kenya*, 930 F. Supp. 2d 17, 24 (D.D.C. 2013) ("[T]he theory of implied waiver contains an intentionality requirement, and that a finding of 'an implied waiver depends upon the foreign government's having at some point indicated its amenability to suit.'") (quoting *Princz v. Federal Republic of Germany*, 26 F.3d 1166, 1174 (D.C. Cir.1994)). Although plaintiffs argue that the rule for official immunity is somehow different, they fail to identify any case where a sovereign has waived an official's immunity without intending to do so.

[11] *See* Pl. Mem. at 6-10.

[12] *See Wultz*, 2014 WL 3610898, at *5.

4

*a government official.*[13] As the court noted, "[a]t all relevant times . . . [Uribe] was serving as a *government official,* either as President of Colombia or as Governor of Antioquia."[14] Moreover, it is irrelevant that neither Israel nor Shaya is accused of any wrongdoing. The purpose of official immunity is to shield foreign officials from the exercise of U.S. *jurisdiction,* which necessarily includes the court's subpoena power.[15]

*Third,* plaintiffs assert that the Court's decision contravenes the State Department's two-step process because Israel moved to quash before seeking a Statement of Immunity.[16] On June 12, 2014, Israel requested a Suggestion of Immunity from the State Department.[17] Because the State Department had not responded as of July 21, 2014, this Court "had authority to decide for itself

---

[13] Statement of Interest and Suggestion of Immunity of the United States, *Giraldo v. Drummond Co.,* 808 F. Supp. 2d 247 (D.D.C. 2011) (No. 10–mc–764) ("Giraldo SOI"), at 1-2 (emphasis added).

[14] *Giraldo v. Drummond Co., Inc.,* 808 F. Supp. 2d 247, 248 (D.D.C. 2011) *aff'd,* 493 Fed. App'x 106 (D.C. Cir. 2012) (emphasis added).

[15] *See The Schooner Exch. v. McFaddon,* 7 Cranch 116, 11 U.S. 116, 137, 3 L.Ed. 287 (1812) ("One sovereign being in no respect amenable to another; and being bound by obligations of the highest character not to degrade the dignity of his nation, by placing himself or its sovereign rights within the jurisdiction of another . . . ."); *Belhas,* 515 F.3d at 1293.

[16] *See* Pl. Mem. at 10-12.

[17] *See* 6/23/14 Email from John B. Bellinger, III, counsel for Israel, to the Court.

whether all the requisites for such immunity existed.[18] As such, I determined that Shaya was immune based on the principles of official immunity articulated by the State Department in *Giraldo*.[19] Plaintiffs fail to demonstrate how the two-step process was somehow violated.

Finally, denying reconsideration will not result in "manifest injustice."[20] Plaintiffs insist that the Court is "supress[ing] critical testimony," but it is Israel that is prohibiting Shaya from testifying, not this Court.[21] While I recognize that plaintiffs have devoted time and resources to this case and relied on Israel's purported "commitments" to provide full cooperation — including testimony — I cannot compel Shaya to testify over Israel's valid claim of immunity. I remind plaintiffs that if Shaya wishes to testify voluntarily as to information unrelated to acts taken or knowledge obtained in his official capacity, he may do so under the conditions set forth in the July 21 Order.[22]

## IV. CONCLUSION

---

[18] *Samantar v. Yousef*, 560 U.S. 305, 311 (2010).

[19] *See id.* at 312 ("[A] district court inquire[s] whether the ground of immunity is one which it is the established policy of the State Department to recognize.").

[20] Pl. Mem. at 12.

[21] *Id.* at 1.

[22] *See Wultz*, 2014 WL 3610898, at *6.

6

For the foregoing reasons, plaintiffs' motion is DENIED. The Clerk of the Court is directed to close this motion [Docket No. 590].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   August 7, 2014
         New York, New York

7

## - Appearances -

### For Plaintiffs:

David Boies, Esq.
Mary Boies, Esq.
Lee S. Wolosky, Esq.
Steven I. Froot, Esq.
Marilyn C. Kunstler, Esq.
Joseph W. Dunn, Esq.
Boies, Schiller & Flexner LLP
575 Lexington Avenue
New York, NY 10022
(212) 446-2350

### For Intervenors:

Robert Joseph Tolchin, Esq.
Aalok J. Karambelkar, Esq.
The Berkman Law Office, LLC
111 Livingston Street, Suite 1928
Brooklyn, NY 11201
(718) 855-3627

### For Defendant:

Mitchell R. Berger, Esq.
Patton Boggs LLP (DC)
2550 M Street, N.W.
Washington, D.C. 20037
(202) 457-5601

Lanier Saperstein, Esq.
William G. Primps, Esq.
Neil McDonell, Esq.
Eric Epstein, Esq.
Daniel Goldberger, Esq.
H. Alex Iliff, Esq.
Geoffrey Sant, Esq.
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019
(212) 415-9309

### For the State of Israel

Stewart D. Aaron, Esq.
John B. Bellinger, III, Esq.
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022
(212) 715-1399