# ARNOLD & PORTER LLP

John B. Bellinger III
John.Bellinger@aporter.com

+1 202.942.6599
+1 202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

November 12, 2014

**VIA ECF (on all counsel) AND HAND DELIVERY (of courtesy copy to Court)**

The Honorable Shira A. Scheindlin
United States District Court Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re: *Wultz v. Bank of China*, Nos. 11-cv-1266, 14-mc-246 (SAS) (GWG)

Dear Judge Scheindlin:

On behalf of the State of Israel, this letter (1) notifies the Court that Plaintiffs have expressed an intent to depose Uzi Shaya, a former Israeli official (see attached letter from Lee Wolosky), (2) raises a jurisdictional concern regarding the proposed deposition; and (3) asks the Court to resolve the outstanding issues raised in Israel's motion to quash regarding whether Mr. Shaya actually has any relevant information unrelated to his official capacity and to address Israel's privilege objections.

In the July 21 Order granting Israel's motion to quash, the Court held that Mr. Shaya is "immune as to information regarding acts taken or knowledge obtained in his official capacity as a government official." Order at 22. With respect to information Mr. Shaya may have "acquired after leaving office," the Court noted that "the question remains whether Shaya learned this information in his official or personal capacity"—"[a]ssuming, arguendo, that this information is relevant." *Id.* at 23. Because the subpoena was quashed on the basis of foreign official immunity, the Court held that it "need not determine whether Shaya's testimony is also protected as a foreign state secret." *Id.* at 22–23. Plaintiffs in the *Wultz* and *Moriah* cases subsequently appealed the Court's orders on Israel's motion to quash.

As an initial matter, this Court may lack jurisdiction over the issue of Mr. Shaya's deposition unless the Court concludes that there is no legal basis for Plaintiff's pending appeal. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). "Actions thereafter taken by the district court are taken without jurisdiction." *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1349 (2d Cir. 1989). However, if this Court concludes that Plaintiffs have improperly filed a notice of appeal without basis in law, then the Court is not necessarily divested of jurisdiction. *Griggs*, 459 U.S. at 58; *S.E.C. v. Am. Bd. of Trade, Inc.*, 829 F.2d 341, 344 (2d Cir. 1987) ("the filing of a notice of appeal from an order that is not appealable does not divest the district court of such jurisdiction"). Or "[i]f the district court is in doubt as to whether the notice of appeal is inoperative by reason of some such defect, it may

# ARNOLD & PORTER LLP

decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals." *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc). Israel's motion to dismiss the appeal for lack of jurisdiction is pending.

Should the Court hold that it has jurisdiction notwithstanding the appeal, Israel respectfully requests that the Court decide two unresolved legal issues raised in Israel's motion to quash.

First, the July 21 Order limited the scope of any possible voluntary deposition to "information unrelated to acts taken or knowledge obtained in [Mr. Shaya's] official capacity." Order at 24. In this regard, Israel's then-National Security Advisor Major General (Res.) Yaacov Amidror submitted a declaration stating that "[a]ny relevant testimony that Mr. Shaya might provide in response to the subpoena would be based on sensitive and classified information Mr. Shaya learned in his capacity as an official of the State of Israel." Amidror Decl. ¶ 5 (No. 14-mc-246, ECF 1-1, Exh. B). *See* Order at 16 (stating that the Court "will not second-guess the assessment of the National Security Advisor"). As Israel argued in its reply brief, "Plaintiffs do not contend that the Israeli Official obtained any information relevant to their claims of his own volition as a private citizen. According to Plaintiffs, any involvement he may have had in these matters after leaving office would have been an extension and consequence of his government service, and any ostensibly relevant information he acquired would be inextricably intertwined with his official knowledge." Mot. to Quash Reply Br. at 7 & n.4.

Israel maintains that any relevant information the witness might possess would be related to his official capacity. Plaintiffs have not indicated what relevant information they think the witness could testify to that would be unrelated to his government service. If, as Israel maintains, no such information exists, then the deposition would be futile and should not proceed.

Second, even if the Court were to conclude that Mr. Shaya might have some relevant information unrelated to his official capacity, Israel maintains that such information would implicate foreign state secrets and Israel's penal laws prohibiting disclosure of classified information. These constitute independent bases to preclude Mr. Shaya's voluntary testimony, even on purportedly private-capacity matters. Requiring (or even allowing) a foreign government official to testify in U.S. court about state secrets over the objection of his government and in violation of his country's penal laws would set a precedent for the reciprocal treatment of U.S. officials in foreign courts. The parties have briefed these issues, which remain ripe for the Court's disposition. *See* Mot. to Quash at 14–21.

Israel submits that these outstanding issues regarding the proposed deposition should be resolved before burdening Israeli officials to attend a deposition (either in the United States or Israel) to protect Israel's national security information, as contemplated by the July 21 Order.

Respectfully submitted,

*John B. Bellinger*

2

# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

October 27, 2014

**BY E-MAIL**

John B. Bellinger III, Esq.
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004

Re: *Wultz v. Bank of China Ltd.*, No. 11 Civ. 1266 (SAS)

Dear John:

As you know, we represent Plaintiffs in the above-referenced action before Judge Scheindlin in the Southern District of New York. We write regarding Judge Scheindlin's order that, notwithstanding the Government of Israel's motion to quash Plaintiffs' subpoena to Uzi Shaya, "[t]o the extent that Shaya wishes to testify voluntarily as to information unrelated to acts taken or knowledge obtained in his official capacity, the deposition is permitted." 7/21/14 Opinion and Order, at 24 (Dkt. # 572).

As you may know, Mr. Shaya attended a conference before Judge Scheindlin on October 21, 2014. For your reference, the transcript of that conference is enclosed with this letter. In a brief exchange with Mr. Shaya at the conference, Judge Scheindlin noted that "many of us would have liked you here as a witness." 10/21/14 Tr. at 4:19–20. She also reiterated that "if you would have information that was not obtained in your official role and you voluntarily agree to be deposed with such knowledge, that's fine." 10/21/14 Tr. at 4:14–5:1.

Mr. Shaya has informed us that he wishes to proceed with his voluntary deposition in the context described by the Court. Consistent with Judge Scheindlin's instructions, we intend take Mr. Shaya's voluntary deposition as soon as possible, preferably in late November of this year. We are making you aware of Plaintiffs' intentions in this regard so that the Government of Israel may arrange, if it deems it necessary, for a representative to attend Mr. Shaya's deposition.

Please also inform us by Thursday, October 30, 2014 if the Government of Israel has any objection to Plaintiffs proceeding with Mr. Shaya's voluntary deposition on the terms described by Judge Scheindlin. If the Government of Israel does have any objection, please state the objection and the legal basis for any such objection.

Sincerely yours,

Lee Wolosky

Enclosure