# ARNOLD & PORTER LLP

*The Court will address this issue at the March 4 conference. The State of Israel may file a pre-motion letter by March 2, 2015. SO ORDERED.*

*2/27/15  Shira A. Scheindlin, USDJ*

John B. Bellinger III
John.Bellinger@aporter.com

~~COURTESY COPY~~

+1 202.942.6599
+1 202.942.5999 Fax

555 Twelfth Street, NW
Washington, DC 20004-1206

February 26, 2015

**VIA ECF (on all counsel) AND HAND DELIVERY (of courtesy copy to Court)**

The Honorable Shira A. Scheindlin
United States District Court Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:   *Wultz v. Bank of China*, No. 14-mc-246 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/15

Dear Judge Scheindlin:

Yesterday, counsel for the Intervenors in this case filed a motion—in violation of Your Honor's Individual Rules—for interlocutory certification pursuant to 28 U.S.C. § 1292(b), seeking appellate review of a discovery order entered by this Court last July. ECF No. 22. Your Honor's Individual Rules provide that "[a] party must file a letter . . . to request a pre-motion conference *before bringing any motion*. . . . The letter must explain the grounds for the motion and shall be no more than three (3) single-spaced pages in length, including any attached exhibits." Rule IV(A) (emphasis added). This procedure is designed in part to forestall the filing of unnecessary and/or questionable motions, as such "[m]otions will be resolved at the pre-motion conference to the extent possible." *Id.*

Intervenors' motion for interlocutory certification was filed in violation of this procedure. Intervenors' failure to comply with the applicable practice rule leaves the State of Israel without clear guidance on how to proceed. Your Honor's Individual Rules provide that when a pre-motion letter is filed, "an adversary wishing to oppose the motion must file a [three-page] written response on ECF" "[w]ithin three (3) business days after receipt of the letter." *Id.* In contrast, SDNY Local Rule 6.1(b) provides that a formal opposing memorandum of law "shall be served within fourteen days," "unless otherwise provided . . . by the Court in a Judge's Individual Practice." As such, the State of Israel requests this Court's guidance on how to proceed, if at all, in response to the motion.

Respectfully submitted,

John B. Bellinger, III